IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRENT AND AMI HENDERSON, | * | |
| Individually and as co-guardians of | * | |
| FISHER A. HENDERSON | * | |
| | * | |
| Plaintiffs | * | |
| | * | NO: 3:12CV00073 SWW |
| V. | * | |
| | * | |
| THE COLEMAN COMPANY, INC., | * | |
| ET AL. | | |
| | | |
| Defendants | | |

## ORDER

Plaintiffs Brent and Ami Henderson bring this product liability action on behalf of their minor child, Fischer A. Henderson. Before the Court is Plaintiffs' motion (docket entry #15) for a more definite statement or, in the alternative, motion to strike defenses asserted by separate defendants Gold Peak Group, Gold Peak Industries (Holdings) Limited, GPE International Limited, GPI International Limited, GP Industries Limited; GP Batteries International Limited; Gold Peak Industries (North America), Inc. and GP Battery Marketing (Latin America), Inc.–hereinafter, the "Gold Peak Defendants." After careful consideration, and for reasons that follow, Plaintiffs' motion is denied.

Plaintiffs assert that the Gold Peak Defendants' answer includes "Fed. R. Civ. P. 12(b)(2)(4)(5)(6) and (7) allegations" but does not "state the basis for [the] allegations as required by Fed. R. Civ. P. 7(b)(1)(B)."[1] Docket entry #16, at 1. Plaintiffs ask the Court to

---

[1] Federal Rule of Civil Procedure 7(b)(1)(B) provides that a request for a court order must be made by a motion that states with particularity the grounds for seeking the order. An answer, which is a pleading, does not qualify as a motion. Pursuant to Local Rule 7.2(e), a threshold

"enter an order requiring the Gold Peak Defendants to allege specific facts supporting [their] Fed. R. Civ. P. 12(b)(2)(4)(5)(6) and (7) allegations" or, alternatively, to strike said allegations.

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, the answer filed by the Gold Peak Defendants is not a pleading to which a responsive pleading[2] is allowed, thus Plaintiffs' are not entitled to relief under Rule 12(e). Furthermore, the Gold Peak Defendants filed their answer on July 12, 2012, the time for filing a motion asserting Rule 12(b) defenses has passed, and no such motion has been filed. Accordingly, Plaintiffs' motion to strike Rule 12(b) allegations is moot.

IT IS THEREFORE ORDERED that Plaintiffs' motion for a more definite statement or to strike (docket entry #15) is DENIED.

IT IS SO ORDERED THIS 7TH DAY OF JANUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

defense under Federal Rule of Civil Procedure 12(b), will not be taken up by the Court unless set forth in a separate motion accompanied by a brief.

[2]The term "pleading" must be read in connection with Rule 7(a), which enumerates the pleadings permitted under the federal rules as follows: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and pursuant to a court order, a reply to an answer or a third party answer.